UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

| | |
|---|---|
| ALCINO FERNANDES, | CIVIL ACTION |
| Plaintiff | NO. |
| VS. | |
| MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY, | |
| Defendant | |

_____X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq.* Venue properly lies in this Court pursuant to 45 U.S.C. §56.

## PARTIES

3. The plaintiff is of Milford, Massachusetts.

4. The defendant, Massachusetts Bay Commuter Railroad Company, (hereinafter referred to as defendant Railroad), is a railroad corporation duly established by law.

## FACTS

5. During all times herein mentioned, the defendant Railroad was a common carrier engaged in the business of interstate commerce.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a B&B Mechanic.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about March 30, 2008, the plaintiff was engaged in his duties as a B&B Mechanic at or about Ashland, Massachusetts, which yard, lines, tracks, rails, engines, trains, and all other equipment and appliances appurtenant thereto were operated and/or controlled and/or maintained by the defendant Railroad.

9. At the time the plaintiff received the injuries complained of, he was required to lift 50 pound salt bags and perform other strenuous work for a continuous period of 24 hours.

10. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a) requiring the plaintiff to perform excessive hours of strenuous work without adequate rest time and assistance;

b) failing to provide a safe and suitable method of removing 50 pound salt bags from storage;

c) requiring the plaintiff to lift 50 pound salt bags in an ergonomically unsafe manner;

d) failing to raise the salt box storage containers to a proper height and provide safe access to remove the 50 pound salt bags;

e) failing to provide sufficient help;

f) failing to properly instruct and train the plaintiff;

g) failing to properly supervise the plaintiff; and

h) failing to act reasonable under the circumstances present.

11. As a result of the negligence of the defendant Railroad, its agents, servants, and employees, the plaintiff was injured.

12. As a result of the failure of the defendant Railroad, its agents, servants, and employees to use reasonable care to provide the plaintiff with a safe place in which to work, the plaintiff sustained a permanent injury to his right shoulder and biceps.

13. As a result of the said injuries, the plaintiff has lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future, has a permanent disfigurement, and has an impairment to his future earning capacity.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____
George J. Cahill, Jr. (BBO #069480)
CAHILL, GOETSCH & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904